UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janice Bailey,

    Plaintiff,

v.                                         Case No. 15-10623
                                           Honorable Sean F. Cox
                                           Magistrate Judge Patricia T. Morris

Commissioner of Social Security,

    Defendant.

_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Janice Bailey ("Plaintiff") brought this action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") determination that she is not entitled to Disability Insurance Benefits under 42 U.S.C. § 405(g). (Doc. # 1).

All proceedings in this action were referred to Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. # 2). Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. # 21; Doc. # 26).

On December 28, 2016, Magistrate Judge Morris issued a Report and Recommendation ("R&R"), wherein she recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment and AFFIRM the decision of the Administrative Law Judge ("ALJ"). (Doc. # 27, R&R). Plaintiff filed a timely objection to the December 28, 2016 R&R on January 11, 2017. (Doc. # 29, Pl.'s Obj.). Defendant timely responded to Plaintiff's objection on January 25, 2017. (Doc. # 31, Def.'s Resp.).

1

For the reasons outlined below, the Court finds Plaintiff's objections to be without merit. The Court shall therefore **ACCEPT AND ADOPT the R&R**, **GRANT** Defendant's Motion for Summary Judgment and **DENY** Plaintiff's Motion for Summary Judgment.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

At the outset, the Court notes that Plaintiff's objections are not properly labeled, making it difficult for the Court to discern which provisions of the R&R Plaintiff objects to. With this in mind, it appears that Plaintiff takes issue with the Magistrate Judge's determination that the ALJ

properly assessed the severity of Plaintiff's mental impairments and the Magistrate Judge's determination that the ALJ properly accorded great weight to the opinion of the agency's non-examining source, Dr. Tsai, even though certain records were not before Dr. Tsai at the time that he completed his review.

Plaintiff appears to advance the following objections to the R&R: (1) the Magistrate Judge was under the mistaken impression that Plaintiff did not argue that the Hillside reports were from treating sources; (2) the Magistrate Judge erred in claiming that the ALJ "plainly considered [Plaintiff's] nonsevere mental impairments at each step of the disability determination, including the RFC assessment;" (3) the Magistrate Judge erred in concluding that because the ALJ considered the Hillside opinions in rendering his findings, Plaintiff cannot demonstrate any error in according Dr. Tsai's opinion great weight; and (4) the Magistrate Judge erred in claiming that, by simply reciting the GAF scores in the record, the ALJ provided sufficient indication that he gave due consideration to the Hillside non-treating opinions.  None of Plaintiff's objections have merit.

First, Plaintiff unpersuasively argues that the Magistrate Judge was mistaken when she asserted that Plaintiff did not argue that the Hillside reports were from a treating source.  Notably absent from Plaintiff's Motion for Summary Judgment was any *substantive discussion* as to whether and why the Hillside opinions were from treating sources.  Instead, Plaintiff merely asserted, in a conclusory fashion, that the opinions were from Plaintiff's "treating" psychiatrist and therapist.  As such, Plaintiff's first objection is overruled.

Plaintiff's second argument–that the Magistrate Judge was wrong when she concluded that the ALJ considered Plaintiff's mental impairments at each step–is equally unpersuasive.  As

a threshold matter, this argument is conclusory.  Moreover, as Magistrate Judge Morris correctly notes in her R&R, the ALJ's decision "plainly considered" Plaintiff's nonsevere mental impairments at each step.  A review of the ALJ's decision supports the Magistrate Judge's conclusion.  Accordingly, Plaintiff's second objection is overruled.

In her third argument, Plaintiff disagrees that the ALJ did not err in according great weight to Dr. Tsai's opinion (even though Dr. Tsai did not review the Hillside opinions) because the ALJ considered the opinions himself.  In making this argument, Plaintiff argues that Magistrate Judge Morris "endorses a bald speculation that IF Dr. Tsai has [sic] actually had evidence, he WOULD HAVE had a basis for his opinion, and the ALJ WOULD HAVE been justified in giving that opinion great weight."  (Pl.'s Obj. at 4) (emphasis in original).  This argument misconstrues the Magistrate Judge's R&R.

First, Magistrate Judge Morris correctly explained that where there is some indication that the ALJ at least considered records that were not before the state agency sources, there is no problem with according greater weight to the stage agency source than a treating source.  (R&R at 18).  Next, the Magistrate Judge correctly noted that "[w]ith respect to mental impairments, the ALJ's findings must show that he considered the Hillside opinions in his analysis." (*Id*. at 19).  The R&R concludes that the ALJ "provided sufficient indication that he considered this evidence in his opinion." (*Id*.).  The Court agrees with the Magistrate Judge's reasoning as to this point.  As such, Plaintiff's third objection is overruled.

In her final argument, Plaintiff summarily asserts that Magistrate Judge Morris erred when she claimed that the ALJ sufficiently indicated that he gave due consideration to the Hillside opinions by "simply reciting the GAF scores in the record..." (Pl.'s Obj. at 4).  This

4

argument is without merit and wholly disregards the Magistrate Judge's analysis: "[t]he ALJ's clear-as-day citation to the Hillside opinions–which directly follows the passage [Plaintiff] quotes ... signals [the ALJ's] consideration thereof." (R&R at 19). The R&R then proceeds to cite to specific portions of the transcript evidencing the ALJ's consideration of the Hillside opinions. As such, Plaintiff's final objection is overruled.

## ORDER

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the December 28, 2016 R&R. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager